UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **J&J SPORTS PRODUCTION, INC.,** | ) | **CASE NO. 4:12CV2091** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAVID D. DOWD** |
| | ) | |
| v. | ) | **Magistrate Judge George J. Limbert** |
| | ) | |
| **JAMES H. PALUMBO, aka** | ) | |
| **JAMIE PALUMBO, et al.,** | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on the motion for default judgment filed on behalf of Plaintiff J&J Sports Productions, Inc. against Defendants James H. Palumbo, aka Jamie Palumbo, and JZK Properties. ECF Dkt. #13. As of the date of this report and recommendation, no response has been filed. For the following reasons, the undersigned recommends that the Court GRANT Plaintiff's motion for default judgment and enter judgment against Defendants in the amount of $8,250.00.

I. Procedural History

On August 14, 2012, Plaintiff filed its Complaint in which it alleged that Defendants, individually and as the alter ego of Spirits Ultra Lounge, violated the Federal Communications Act of 1934, as amended, 47 U.S.C. §605, et seq. ("FCA"), and the Cable and Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S. §553, et seq. ECF Dkt. #1, ¶¶9-22. Plaintiff alleged it owned the exclusive rights to exhibit and distribute to commercial establishments the closed-circuit telecast of a November 13, 2010, "Tactical Warfare: Manny Pacquiao v. Antonio

Margarito, WBO Light Middleweight Championship Fight Program" (the "Program"). *Id.* at ¶ 10. Plaintiff alleges that Defendants willfully and wrongfully intercepted and exhibited the Program at Defendants' establishment, Spirits Ultra Lounge in Youngstown, Ohio, without authorization and without paying Plaintiff a sublicense fee. *Id.* at ¶13. Plaintiff also alleged a cause of action for conversion against Defendants. *Id.* at ¶¶ 23-26.

On August 18, 2012, return of service by certified mail was executed upon JZP Properties, LLC and on August 20, 2012, return of service by certified mail was executed upon James H. Palumbo. ECF Dkt. #6-7. On October 3, 2012, with no responsive pleading having been filed on behalf of either Defendant, Plaintiff filed an application to the Clerk of Courts for the entry of default against them. ECF Dkt. #9. On October 4, 2012, the Clerk of Courts entered default against Defendants. ECF Dkt. #10. The certified mail receipt addressed to James H. Palumbo was returned undated, and received by the Court on October 17, 2012. ECF Dkt. #11. Returned mail addressed to JZP Properties, LLC was returned marked "Return to Sender - Unclaimed" on October 24, 2012. ECF Dkt. #12.

On November 27, 2012, Plaintiff filed the instant motion for default judgment against Defendants. In the motion, Plaintiff states that Defendants have failed to file an answer or otherwise respond to the complaint. Plaintiff indicates that Defendants had until on or about September 10, 2012, to file an answer or other responsive pleading. Plaintiff requested that the Court grant it judgment against Defendants pursuant to Rule 55 of the Federal Rules of Civil Procedure and enter judgment for willful and statutory damages in the amount of $100,000.00 pursuant to 47 U.S.C. § 605(e)(3)(c)(i)(II), for willful and statutory damages in the amount of $50,000.00 pursuant to 47 U.S.C. § 553(c)(3)(A)(ii), and for attorney fees and costs in the amount of $1,300.00 and $350.00,

respectively, pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) and 47 U.S.C. § 553(c)(2)(C). Plaintiff attached the affidavits of its President, Joseph Gagliardi, its investigator, Jason Hannum, who attended the televised fight at Ultra Spirits Lounge on November 13, 2010, and its counsel, Jeffrey L. Koberg, in support of its motion, as well an advertisement for the Program and an itemized statement and of costs and attorney fees from Plaintiff's counsel. ECF Dkt. #13-1, Exhibits A-B.

II. Law & Analysis

### A. Default Judgment Standard

Before a default judgment may be entered by the Court, the moving party must have first obtained an entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. After default has been entered, the well-pled factual allegations of the complaint generally are accepted as true, except for those relating to the amount of damages. See *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995); *J & J Sports Productions, Inc. v. Lukes*, No. 1: 10CV535, 2010 WL 4105663 (N.D. Ohio, Oct.18, 2010) (Wells, J.); *Joe Hand Promotions, Inc. v. Willis*, No. 5:08CV2786, 2009 WL 369511, at *1 (N.D. Ohio Feb.11, 2009)(Dowd, J.).

The court, however, still must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to the cause of action for which the plaintiff seeks default judgment. *J & J Sports Productions, Inc. v. Rodriguez*, No. 1:08–CV–1350, 2008 WL 5083149, *1 (N.D. Ohio Nov. 25, 2008). In addition, where the damages sought are not for a sum certain, the court must determine the propriety and amount of the default judgment. See Fed.R.Civ.P. 55(b). Rule 55 does not require an evidentiary hearing as a prerequisite to the entry of default judgment if damages are established in documentary evidence or detailed affidavits and can be ascertained by computation on the record before the Court. *Id.*

Having reviewed the documentation provided by Plaintiff in this case, the undersigned recommends that the Court find that there is a sufficient basis for determining Plaintiff's damages without the need for an evidentiary hearing. See, e.g., *Willis*, 2009 WL 369511, at *1 (finding a Rule 55 hearing on damages unnecessary because sufficient documentation was presented in order to calculate damages).

B. Defendants' Liability

As an amendment and supplement to the FCA, "Congress enacted the Cable Communications Policy Act of 1984 to address 'a problem which is increasingly plaguing the cable industry—the theft of cable service.'" *Nat'l Satellite Sports, Inc., v. Eliadis, Inc.*, 253 F.3d 900, 911 (6th Cir. 2001), cert. denied, 534 U.S. 1156, 122 S.Ct. 1127, 151 L.Ed.2d 1019 (2002) (quoting H.R. Rep. No. 98–934, at 83 (1984), reprinted in 1984 U.S.C.C.A.N. 4655, 4720). "The legislative history associated with section 553 and the amendments to section 605 reveals [sic] that one of Congress's principal objectives was to discourage theft of cable services." *Prostar v. Massachi*, 239 F.3d 669, 673 (5th Cir. 2001) (internal citations omitted). Thus, Congress enacted a variety of penalties and remedies to "protect the revenue of television cable companies from unauthorized reception of their transmissions." *Id.* & n. 18 (internal quotations omitted).

Plaintiff asserts claims under both 47 U.S.C. §605 and 47 U.S.C. §553. Section 605(a) prohibits the unauthorized interception of radio communications, but courts have held that its terms also apply to encrypted cable programming from satellite transmissions. See 47 U.S.C. §605(a); *Eliadis*, 253 F.3d at 914. Section 553(a) makes it unlawful to intercept or receive without authorization any communications service offered over a cable system. 47 U.S.C. §553(a).

Accepting all of the allegations set forth in Plaintiff's Complaint as true, Plaintiff has established the elements required to state a claim against Defendants under Sections 605(a) and 553(a). Plaintiff had the exclusive nationwide television distribution rights to the Program. Without authorization from Plaintiff and with full knowledge that the program was not to be received and exhibited by those unauthorized to do so, Defendants unlawfully intercepted and exhibited the program willfully and for purposes of direct or indirect commercial advantage or private financial gain. Accordingly, Plaintiff has established that Defendants violated Sections 605 and 553.

C. Damages

Having established that Defendants violated Sections 605 and 553, Plaintiff seeks damages under both provisions. However, courts have held that when a defendant is liable under both Section 605 and Section 553, a plaintiff may recover under only one section. See *International Cablevision, Inc. v. Sykes*, 75 F.3d, 123, 129 (6th Cir. 1996); *Willis*, 2009 WL 369511 at *1; *Joe Hand Promotions Inc. v. Orim, Inc.*, No. 1:10CV00743, 2010 WL 3931108 at *2 (N.D. Ohio Oct.5, 2010). In that situation, typically Section 605 is applied because it allows for a higher recovery.[1]

---

[1] Under Section 605, a party may recover actual damages or, in the alternative, an award of statutory damages for all violations involved in the action in an amount not less than $1,000.00 or more than $10,000.00 for each violation. 47 U.S.C. §605(e)(3), (C)(i)(I) and (II). Where the court finds that the violation was committed willfully and for purpose of commercial advantage or private financial gain, the court, in its discretion, may increase the award of damages, either actual or statutory, by an amount not to exceed $100,000.00. 47 U.S.C. §605(e)(3)(C)(ii). As such, the undersigned recommends that the Court find that Plaintiff may recover only under Section 605.

Under §553, a party may recover actual damages or, in the alternative, an award of statutory damages for all violations involved in the action in an amount not less than $250.00 but not greater than $10,000.00. 47 U.S.C. §553(c)(3)(A)(i) and (ii). Where the court finds that the violation was committed willfully and for purpose of commercial advantage or private financial gain, the court, in its discretion, may increase the award of damages, either actual or statutory, by an amount not to exceed $50,000.00. 47 U.S.C. §553(c) (3)(B).

A plaintiff that has established liability under Section 605 may elect to recover actual or statutory damages. 47 U.S.C. § 605(e)(3)(C)(i); *Willis*, 2009 WL 369511 at *1. In this case, Plaintiff has elected to recover statutory damages. The provision for statutory damages under 47 U.S.C. §605(e)(3)(C)(i)(II) allows for an award of between $1,000.00 and $10,000.00 for each violation, in an amount the court considers just. 47 U.S.C. §605(e)(3)(C)(i)(II). The amount of damages awarded pursuant to Section 605 rests within the sound discretion of the Court. See *Buckeye Cablevision, Inc. v. Sledge*, 2004 WL 952875, at *4 (N.D. Ohio April 8, 2004). In addition, if the court finds that the violation of Section 605(a) was committed willfully and for the purposes of direct or indirect commercial advantage or private financial gain, the court may, in its discretion, award additional, "enhanced" statutory damages in an amount no greater than $100,000.00. 47 U.S.C. §605(e)(3)(C)(ii).

Here, Plaintiff seeks $100,000.00 in statutory damages, which appears to be comprised of the maximum amount of principal statutory damages of $10,000.00, and an additional $90,000.00 in enhanced statutory damages. When determining an appropriate award of principal statutory damages, courts may consider the price a defendant would have had to pay to obtain the right to receive and display a broadcast, and the plaintiff's cost to monitor and investigate its broadcasting rights. See *Eliadis*, 253 F.3d at 918; *King Pay–Per–View, Ltd. v. Lalaleo*, 429 F.Supp.2d 506, 509, 515 (E.D.N.Y. 2006). Plaintiff has provided evidence that the maximum capacity of the Defendants' establishment is approximately 75 people and, according to the advertisement, Plaintiff would have charged Defendants $2,200.00 for a license to broadcast the Program. There is no proof of Plaintiff's cost of monitoring and investigating its broadcast rights. Therefore, Plaintiff lost a minimum of $2,200.00 as a result of Defendants' misappropriation of the broadcast. However, as noted above,

the deterrence of future violations is one of the objectives of the statute. Merely requiring Defendants to pay the price they originally would have been charged to obtain legal authorization to display the Program does nothing to accomplish this objective of the statute. In other words, "[t]here would be no incentive to cease the violation if the penalty were merely the amount that should have been paid." *Entertainment by J & J Inc. v. Nina's Restaurant and Catering*, No. 01 CIV.5483, 2002 WL 1000286, at *3 (S.D.N.Y. May 9, 2002); see also *Entertainment by J & J, Inc. v. Al-Waha Enterprises, Inc.*, 219 F.Supp.2d 769 (S.D. Tex. 2002). Thus, to deter Defendants from future violations of the statute, the undersigned recommends that Plaintiff should be awarded statutory damages in the amount of $2,200.00 and an enhanced damages award of $4,400.00, for a total damage award of $6,600.00, which is three times what Defendants would have paid for the right to exhibit the event at their establishment.

Plaintiff has not adduced sufficient evidence to support its request of enhanced statutory damages beyond this amount. While Plaintiff argues that Defendants' violation of Section 605(a) was willful and for commercial or financial gain, the evidence provided by Plaintiff fails to support a conclusion that an award of this magnitude is justified in this case. Based on the affidavit of the investigator, a maximum of 50 patrons were present in the bar on the evening of the signal interception (the capacity of the premises was 75) and the Program was being shown on five televisions. In addition, there is no evidence that, in an effort to maximize profits, Defendants: (1) charged admission to the establishment on the evening of the broadcast; (2) increased food and/or drink prices on that night; or (3) openly advertised the broadcast. While Plaintiff is entitled to some enhanced damages given the allegations in the Complaint and the low probability that a commercial establishment could intercept the Program merely by chance, see *Al-Waha*, 219 F.Supp.2d 769,

Plaintiff has not presented any allegations or evidence showing that Defendants' conduct was egregious enough to justify a more significant damages award, let alone an award of damages at or near the maximum allowed for a violation of Section 605.

In sum, the undersigned recommends that Court award Plaintiff statutory and enhanced damages in the aggregate amount of $6,600.00.

### D. Attorneys' Fees and Costs

In addition to damages, Plaintiff seeks an award to recover attorneys' fees and costs under 47 U.S.C. §605(e)(3)(B)(iii), which provides that a court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." Plaintiff has requested an award of fees in the amount of $1,300.00 and costs in the amount of $350.00. Plaintiff supports the proposed amount of the award with an affidavit from its attorney. The undersigned has reviewed the affidavit and other supporting materials and finds that the requested fees and costs are reasonable. Accordingly, the undersigned recommends that the Court grant attorneys' fees and costs in this case in the amount of $1,650.00.

### III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the Court GRANT Plaintiff's motion for default judgment and enter judgment against Defendants in the total amount of $8,250.00 in statutory damages, enhanced damages, attorneys' fees, and costs.

Dated: December 12, 2012  /s/*George J. Limbert*
GEORGE J. LIMBERT
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time may constitute a WAIVER of the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).