DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| J & J Sports Productions, Inc., ) | |
| ) | CASE NO. 4:12 CV 2091 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION AND |
| ) | ORDER |
| James H. Palumbo aka Jamie Palumbo, et ) | |
| al., ) | |
| ) | |
| Defendants. ) | |

The Court referred this case to Magistrate Judge George Limbert for general pre-trial supervision. ECF 4. Defendants were served with plaintiff's complaint alleging that defendants violated the Federal Communications Act of 1934, as amended, and the Cable and Television Consumer Protection and Competition Act of 1992, as amended, by unlawfully intercepting plaintiff's telecast of a middleweight championship fight. However, no responsive pleading was filed and default was entered against the defendants. ECF 10.

Plaintiff J & J Sports moved for default judgment, seeking damages of $100,000 pursuant to 47 U.S.C. § 605(e)(3)(c)(i)(II) for willful and statutory damages; damages of $50,000 pursuant to 47 U.S.C. § 553(c)(3)(A)(ii) for willful and statutory damages; and damages of $1,300 and $350 for attorney fees and costs, respectively, pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) and 47 U.S.C. § 553(c)(2)(C). In support of its motion, plaintiff attached the affidavits of its President, Joseph Gagliardi, its investigator, Jason Hannum, who attended the televised fight at Ultra Spirits Lounge on November 13, 2010, and its counsel, Jeffrey L. Koberg, as well an

(4:12 CV 2091)

advertisement for the fight and an itemized statement and of costs and attorney fees from Plaintiff's counsel.  ECF 13-1, Exhibits A-B.

Magistrate Judge Limbert recommends that the Court find there is a sufficient basis for determining plaintiffs's damages without the need for an evidentiary hearing, and recommends that the plaintiff's motion for default judgment be granted and that damages be awarded to plaintiff as follows: 1) statutory and enhanced damages in the amount of $6,600, and 2) attorneys' fees and costs in the amount of $1,650.

ECF 14.

Under the relevant statute:

> [T] magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.
>
> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C).

The time period for objection has passed and no response has been filed by defendants to Magistrate Judge Limbert's Report and Recommendation.  The failure to file written objections to a Magistrate Judge's report and recommendation constitutes a waiver of a *de novo* determination by the district court of an issue covered in the report.  *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

(4:12 CV 2091)

The Court has reviewed Magistrate Judge Limbert's well-reasoned and comprehensive Report and Recommendation and adopts the same. Accordingly, plaintiff J& J Sports Productions, Inc.'s Motion for Default Judgment is GRANTED and damages are awarded as follows: 1) statutory and enhanced damages in the amount of $6,600, and 2) attorneys' fees and costs in the amount of $1,650.

The Clerk is requested to mail a copy of this Memorandum Opinion and Order to the defendants at their address of record. A Judgment Entry will be separately published.

    IT IS SO ORDERED.

| | |
|---|---|
|  January 15, 2013 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |